NO. 12-00-00382-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ROBERT DWAYNE PARKS,
§
 APPEAL FROM THE EIGHTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOPKINS COUNTY, TEXAS

 

MEMORANDUM (1)


 Robert Dwayne Parks ("Appellant") appeals his conviction for delivery of a controlled
substance. After finding him guilty as charged, a jury assessed Appellant's punishment at seventy-five years of imprisonment and a $10,000.00 fine. Appellant raises a single issue attacking the
sufficiency of the non-accomplice evidence. We affirm.


Background


 The Hopkins County Drug Task Force was operating undercover in Commerce during the
spring of 1997. Officer Hooper ("Hooper") was in charge of the operation. He and a fellow officer
began purchasing small quantities of cocaine from Charlotte Louise Savage ("Savage"). In an effort
to move up the supply chain, Hooper wanted to buy larger quantities of cocaine. This required a
meeting with her supplier. Savage advised Hooper that her supplier was named Dwayne. Several
unsuccessful attempts to meet with Dwayne transpired. Hooper was given a telephone number by
Savage, which was Appellant's residential phone number. He called the number and spoke with a
man who identified himself as Dwayne. Hooper made arrangements through Savage to meet her and
Dwayne on the evening of May 1, 1997. Hooper and his partner parked their vehicle in a lighted
parking lot and waited for Savage. She and a man drove up and parked next to Hooper's truck. 
Savage got out and sold the cocaine. Hooper was able to see the man in the car and identified
Appellant in court as the passenger in the car.

 

Sufficiency of the Non-Accomplice Evidence

 Appellant contends that the non-accomplice evidence was insufficient to sustain his
conviction and that the trial court erred by denying his motion for a directed verdict. Appellant
specifically argues that without the accomplice testimony of Savage, there is nothing to implicate
him in the sale of the cocaine. The State does not dispute that Savage is an accomplice witness.

Applicable Law

 The Texas Code of Criminal Procedure states that a conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed. The corroboration is not sufficient if it merely shows the commission
of the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979).

 The test as to the sufficiency of the corroboration is to eliminate from consideration the
evidence of the accomplice witnesses and then to examine the evidence of other witnesses to
ascertain if there is evidence of incriminating character which tends to connect the defendant with
the commission of the offense. Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988). If there
is such evidence the corroboration is sufficient; otherwise, it is not. Id. Each case must be analyzed
on its own facts and circumstances. Gill v. State, 873 S.W.2d 245, 248 (Tex. Crim. App. 1994).
There must simply be some non-accomplice evidence which tends to connect Appellant to the
commission of the offense alleged in the indictment. Id. Evidence that the defendant was in the
company of the accomplice at or near the time or place of the offense is proper corroborating
evidence. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Further, accomplice
testimony need not be corroborated as to every element of the offense charged. See id.

Analysis and Conclusion

 Savage's accomplice testimony identified Appellant as her cocaine supplier. Hooper's
testimony that he talked with a man named Dwayne by telephone via a number registered to
Appellant coupled with his in-court identification of Appellant as the man in the vehicle with Savage
at the time the drugs were purchased tended to connect Appellant to the offense. Therefore, we hold
that Savage's testimony was sufficiently corroborated by non-accomplice evidence. See Reed, 744
S.W.2d at 125. Appellant's issue is overruled.

 The judgment of the trial court is affirmed.




Opinion delivered May 14, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



























(DO NOT PUBLISH)
1. Tex. R. App. P. 47.1.